## COMMONWEALTH *vs.* WILLIAM F. WELCH.

Middlesex.    March 21. — May 5, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

If a person, who is charged with keeping intoxicating liquors for sale unlawfully, relies upon a license authorizing him to sell such liquors, dated before the day of the alleged offence, the government may show that the bond required by the Pub. Sts. *c.* 100, was not filed, the license fee was not paid by the defendant, and the license was not issued, until after the day of the alleged offence; and such license affords no justification for the defendant's acts.

W. ALLEN, J.    The defendant and his partner in business made a joint application to the mayor and aldermen of the city of Waltham for a license to sell intoxicating liquors, an order granting such license was adopted by the aldermen, and a license was made out and signed by the mayor and city clerk on May 15, 1886, and the defendant notified thereof. The defendant's partner refused to sign the bond required by the statute, and on May 25 retired from the business. After that, the defendant offered his bond with sureties, which the city treasurer refused to receive unless the co-licensee should be a co-obligor. The defendant then applied to the aldermen to have the license issued to him as licensee, and it was ordered that the license granted to the partners should be issued to the defendant, upon his paying the fee and giving his bond. On the next day, July 10, the city treasurer accepted and approved the bond of the defendant, which was identical with the bond before presented by him except in the date, and the defendant paid the fee, and the license, dated May 15, was issued to him.

The defendant was convicted of keeping liquors for sale unlawfully on July 4; and the question is, whether he was then authorized by his license to keep liquors for sale. The license put in evidence by the defendant was dated May 15, and, as ruled by the court, was *prima facie* evidence of authority to sell on July 4. But we think that it was clearly competent for the Commonwealth to prove that the bond was not given, the license fee was not paid, and the license was not issued until July 10, after the time of the alleged offence. The authority granted by the license arises upon the issuing of the written license, and not

upon the vote granting it, or on the completion of the instrument by the signatures of the mayor and city clerk. The provisions of the statute make this plain. By the Pub. Sts. *c.* 100, licenses for the sale of intoxicating liquors may be granted by the mayor and aldermen of a city; they are to be signed by the mayor and city clerk, and recorded in the office of the clerk; they shall name the person licensed, and the building in which the business shall be carried on, and shall be expressed to be subject to various conditions, one of which is that the license, or a certified copy thereof, shall be conspicuously displayed upon the premises. Section 13 provides that no license shall be issued until the license fee has been paid to the city treasurer, and until he has received a satisfactory bond, which, after approval, shall be filed in the office of the city clerk. The obvious intention of the statute is that the license shall take effect when it is issued under the prescribed conditions, and that it shall not be issued until the conditions have been performed. The evidence shows, not only that the license was not issued until after the act complained of, but that the defendant had not performed the conditions precedent to its issue. He had not furnished a satisfactory bond, and he had not paid the license fee.

*Exceptions overruled.*

*H. N. Allin & G. L. Mayberry*, for the defendant.
*E. J. Sherman*, Attorney General. for the Commonwealth.