COMMONWEALTH *vs.* MARTIN MORAN.

Middlesex.        February 4, 1889. — February 6, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — License — Vote of Board of Aldermen.*

A board of aldermen, consisting of eight members, passed a vote that no licenses to sell intoxicating liquors should be granted except with the consent of six members. At a meeting of the board afterwards held, at which seven members only were present, four voted to grant such a license, but upon the applicant's tendering the requisite fee and bond a license was refused him. *Held,* that the vote, while in force and acted on by the board, controlled the granting of such licenses, and that the applicant was not entitled to a license.

COMPLAINT alleging that the defendant, on September 7, 1888, at Lowell, " did unlawfully sell intoxicating liquor, to wit, one pint of ale, . . . not having then and there any license, authority, or appointment according to law to make such sale of intoxicating liquor."

At the trial in the Superior Court, before *Brigham*, C. J., the following facts were agreed.

On March 5, 1888, the board of aldermen of the city of Lowell, which consists of eight members, passed a vote requiring six of its members to vote in favor of granting licenses to sell intoxicating liquors, and that none should be granted unless six members should assent. At a meeting of the board held on June 5, 1888, at which seven members only were present, the committee on licenses recommended that the defendant's petition for a fourth class license be granted. Upon the question of granting such a license to him, four members of the board voted in the affirmative and two members in the negative. Upon the following day the defendant tendered the requisite fee for a fourth class license, and the bond prescribed by law; and demanded from the city clerk a license of the fourth class, which was refused him. At the time of the complaint the defendant had no license to sell liquors under the fourth class.

The defendant admitted that he sold the ale not to be drunk upon the premises, but contended that, by the vote of the board of aldermen on June 5, 1888, and that by his tender of the prescribed fee and bond, he was entitled to a fourth class license, and could lawfully do business under that class.

The judge ruled upon these facts that no license had been granted or issued to the defendant under which he was authorized to do business, as provided by licenses of the fourth class, and instructed the jury that they would be authorized in finding that the alleged sale of ale, not to be drunk on the premises, was unlawful.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. D. Pratt & E. B. Quinn*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The case of *Commonwealth* v. *Welch*, 144 Mass. 356, is decisive of the case before us. No license of the fourth class was issued to the defendant, signed by the mayor and city clerk; but, further, there was no effective vote of the board of aldermen granting such license. The board, by a vote,

which has the effect of a standing rule, provided that no licenses should be granted unless six members of the board should assent thereto. This rule, while it is in force and acted upon, determines the effect of any vote upon granting a license, and if, as in the case before us, only four aldermen vote in favor of the applicant, a license is not granted. The ruling of the Superior Court was correct.     *Exceptions overruled.*